IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JELITHA MCKENNEY, Individually and as Special Administrator of the Estate of James C. Barnes, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>OFFICER LANCE HARRISON and OFFICER DAWN POLLREIS, in their individual and official capacities, and THE CITY OF OMAHA,<br><br>Defendants. | CASE NO. 8:09CV129<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Defendants' Motion to Dismiss (Filing No. 3), in which they ask the Court to dismiss certain of the Plaintiff's claims based on Nebraska law. For the reasons explained below, the Motion will be granted in part.

**FACTS**

The Plaintiff Jelitha McKenney brought this action in the District Court of Douglas County, Nebraska, on her own behalf and as the Special Administrator of the estate of her son, James C. Barnes. (Notice of Removal, Filing No. 1, and attached Complaint ¶ 1.) McKenney alleges that Defendants Lance Harrison and Dawn Pollreis, officers of the Omaha Police Department (the "officers"), entered Barnes's residence on July 31, 2007, and deployed an electroshock weapon against him. McKenney contends that the officers' actions caused Barnes to fall through a window and suffer fatal injuries.

McKenney's Complaint sets out three theories of recovery. First, she contends that the officers violated the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, and 42 U.S.C. § 1983, by subjecting Barnes to an unreasonable search and

seizure and an excessive use of force, and by depriving him of his right to due process of law. Second, she contends that the Defendant City of Omaha failed to train and supervise the officers and failed to develop adequate policies to ensure their lawful, safe, and reasonable use of electroshock weapons, proximately causing the officers' alleged wrongful seizure and excessive use of force. Third, she presents three "state law claims," which are the focus of the Defendants' Motion to Dismiss. She bases her state law claims on (1) the Nebraska Constitution, Article I, §§ 3 and 7, declaring the rights of persons to be secure against unreasonable searches and seizures and not to be deprived of life, liberty or property without due process of law, and Neb. Rev. Stat. § 20-148, recognizing a private right of action for deprivation of constitutional rights; (2) the alleged negligence of the officers, and corresponding liability of the City of Omaha through the theory of respondeat superior; and (3) McKenney's loss of her son's consortium.

## STANDARD OF REVIEW

A motion under Fed. R. Civ. P. 12(b)(6) challenges the sufficiency of the factual allegations in the Complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . " *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that recovery

is very remote and unlikely.'" *Id.* at 556 (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)).

## DISCUSSION

The Defendants argue that (1) Nebraska law does not recognize any civil remedy for violations of the Nebraska Constitution, Article I, §§ 3, 7; (2) Neb. Rev. Stat. § 20-148 (Reissue 2007) does not authorize actions against political subdivisions based on constitutional violations; and (3) Neb. Rev. Stat. § 13-910(7) (Reissue 2007) bars McKenney's tort claims based on allegations of assault and/or battery.

Because McKenney has named the officers as Defendants both individually and in their official capacities, this Court "must determine whether the action against the individual official[s] is in reality an action against the state . . . ." *McKenna v. Julian*, 763 N.W.2d 384, 388 (Neb. 2009). It is apparent from the allegations in McKenney's complaint that the alleged actions of the officers arose within the scope of their employment with the Omaha Police Department, and that McKenney's state-law claims against the officers are claims against them in their official capacities only.

### *McKenney has no civil remedies under Art. I, §§ 3, 7, of the Nebraska Constitution.*

The Nebraska Constitution, Article I, § 3, states: "No person shall be deprived of life, liberty, or property, without due process of law. " At Article I, § 7, it states: "The right of the people to be secure in their persons . . . against unreasonable searches and seizures shall not be violated . . . ."

In *McKenna v. Julian*, the Nebraska Supreme Court held that whether or not these provisions of the Nebraska Constitution are self-executing, giving rise to a private right of

3

action for damages, "the existence of a self-executing constitutional right does not entail waiver of the state's sovereign immunity from suit based upon such a right." *McKenna*, 763 N.W.2d at 390. McKenney acknowledges that even if this Court were to find sections 3 and 7 of the Nebraska Constitution to be self-executing, such claims against the City of Omaha, or the officers in their official capacities, would be barred by sovereign immunity, expressly preserved in Neb. Rev. Stat. § 20-148 (Reissue 2007).[1] (Pl.'s Br., Filing No. 8, p. 4.)

Because McKenney's Complaint does not present any state-law causes of action against the officers in their individual capacities, and because the state-law claims against the City of Omaha and against the officers in their official capacities are barred by sovereign immunity, this Court need not speculate about whether the Nebraska Supreme Court would consider Article I, §§ 3, 7, of the Nebraska Constitution to be self-executing.

***McKenney's negligence claims against the officers in their official capacities, and her respondeat superior claim against the City of Omaha, are not barred.***

Nebraska's Political Subdivisions Tort Claims Act ("NPSTCA") defines "tort claim" as "any claim against a political subdivision . . . on account of personal injury or death, caused by the negligent or wrongful act or omission of any employee of the political subdivision, while acting within the scope of his or her office or employment, under circumstances in which the political subdivision, if a private person, would be liable to the

---

[1] Neb. Rev. Stat. § 20-148 (1) (Reissue 2007) provides in relevant part: "Any person or company . . . *except any political subdivision*, who subjects or causes to be subjected any citizen of this state . . . to the deprivation of any rights, privileges, or immunities secured by the United States Constitution or the Constitution and laws of the State of Nebraska, shall be liable to such injured person in a civil action or other proper proceeding for redress brought by such injured person." (Emphasis added).

claimant for such damages, loss, injury or death . . . ." Neb. Rev. Stat. § 13-903(4) (Reissue 2007).  NPSTCA "shall not apply to . . . [a]ny claim arising out of assault, battery, [or] false arrest . . . ."  Neb. Rev. Stat. § 13-910(7) (Reissue 2007).

McKenney's Complaint does not use the term "assault" or "battery."  Nor does it allege a "false arrest."  Instead, the Complaint alleges that the officers were negligent and that the force they used against Barnes was objectively unreasonable and excessive under the circumstances.  McKenney also contends that the City of Omaha is liable for the officers' alleged negligence through the doctrine of respondeat superior.

In *McKenna v. Julian*, where the plaintiff alleged that a police officer was negligent and used excessive force in connection with an arrest, the Nebraska Supreme Court affirmed a state district court's dismissal of claims brought under NPSTCA.  763 N.W.2d at 391.  Unlike the case at hand, however, the complaint in *McKenna* alleged that the force used by the officer was an assault committed in connection with a false arrest.  *Id*. at 387. The state district court concluded, and the Nebraska Supreme Court agreed, that the plaintiff's cause of action for excessive use of force arose out of an assault, battery, or false arrest, and that the plaintiff's claim against the City of Omaha was "barred as a matter of law by sovereign immunity."  *Id*. at 391.

Because McKenney's Complaint alleges negligent conduct on the part of the officers, and does not allege assault, battery, false arrest, or other intentional tort, the Court will deny the Defendants' motion to dismiss with respect to McKenney's state-law claims based on negligence and respondeat superior.

Accordingly,

IT IS ORDERED:

1. The Defendants' Motion to Dismiss (Filing No. 3) is granted in part, as follows:

    a. To the extent that Plaintiff Jelitha McKenney's Complaint purports to allege any state-law claims against Defendants Officer Lance Harrison and Officer Dawn Polleis, in their individual capacities, such claims are dismissed;

    b. Plaintiff Jelitha McKenney's claims based on the Nebraska Constitution, Art. I, §§ 3, 7, and Neb. Rev. Stat. § 20-148, are dismissed;

2. The Defendant's Motion to Dismiss (Filing No. 3) is otherwise denied; and

3. The Defendants will respond to the Plaintiff's Complaint on or before June 15, 2009.

DATED this 3rd day of June, 2009.

                                          BY THE COURT:

                                          s/Laurie Smith Camp
                                          United States District Judge